# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0303V

| | |
|---|---|
| LUEVENIA BLUEFORT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 6, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On January 7, 2021, Luevenia Bluefort filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). She filed an amended petition on April 20, 2022. ECF No. 17. Petitioner alleges that she suffered a left shoulder injury caused-in-fact by the influenza vaccine she received on October 22, 2018. *Id.* at 1, ¶¶ 1, 8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 8, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On December 6, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $52,587.00, representing compensation in the amounts of $52,500.00 for pain and suffering and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$87.00 for past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,587.00, representing compensation in the amounts of $52,500.00 for pain and suffering and $87.00 for actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LUEVENIA BLUEFORT,              ) | |
|                                 ) | |
|     Petitioner,                 ) | |
|                                 ) | No. 21-303V |
| v.                              ) | Chief Special Master Corcoran |
|                                 ) | ECF |
| SECRETARY OF HEALTH AND         ) | |
| HUMAN SERVICES,                 ) | |
|                                 ) | |
|     Respondent.                 ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 7, 2021, Luevenia Bluefort ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccination on October 22, 2018.  Petition at 1, 3.  On May 4, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on May 8, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 27; ECF No. 28.

**I.   Items of Compensation**

   **A.**   Pain and Suffering

Respondent proffers that petitioner should be awarded $52,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $87.00.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $52,587.00, in the form of a check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Luevenia Bluefort:   **$52,587.00.**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

>HEATHER L. PEARLMAN
>Deputy Director
>Torts Branch, Civil Division
>
>ALEXIS B. BABCOCK
>Assistant Director
>Torts Branch, Civil Division
>
>*/s/Mary E. Holmes*
>MARY E. HOLMES
>Trial Attorney
>Torts Branch, Civil Division
>U. S. Department of Justice
>P.O. Box l46, Benjamin Franklin Station
>Washington, D.C.  20044-0146
>Tel: (202) 616-5022
>Mary.E.Holmes@usdoj.gov

DATED:  December 6, 2023